Matthew Kumin (SBN 177561)
Kenneth Seligson (SBN 326326)
LAW OFFICES OF MATTHEW KUMIN
1939 Harrison Street, Suite 307
Oakland, CA 94612
Tel. and Fax: 415.655.7494
Email: matt@mattkuminlaw.com
        seligson.kenneth@gmail.com

Attorneys for Plaintiffs ANTHONY URENO,
JOHN GARDEA, and JEFFREY CHANDLER

Christina T. Tellado (SBN 298597)
Deisy Castro (SBN 311816)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel.: 213.896.2400
Fax: 213.896.2450
Email: christina.tellado@hklaw.com
        deisy.castro@hklaw.com

Attorneys for Defendants MASTEC NORTH AMERICA, INC.; MASTEC NETWORK SOLUTIONS, INC.; MASTEC POWERCORP.; and MASTEC SERVICES COMPANY, INC.

[Additional Counsel Listed on Following Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY URENO, JOHN GARDEA, JEFFREY CHANDLER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MASTEC NORTH AMERICA, MASTEC NETWORK SOLUTIONS, MASTEC POWER CORPORATION, MASTEC SERVICES COMPANY ("MASTEC"), AND DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. 3:20-cv-05503-MMC<br><br>The Honorable Judge Maxine M. Chesney<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER GRANTING APPROVAL OF PAGA SETTLEMENT AND DISMISSAL OF THE ACTION**<br><br>Complaint Filed: June 24, 2020<br>Removal Filed: August 7, 2020 |

[Counsel of Record Continued]

Matthew D. Davis (SBN 141986)
WALKUP, MELODIA, KELLY & SCHOENBERGER, APC
650 CALIFORNIA STREET, 26TH FLOOR
San Francisco, Ca 94108-2615
Tel.: 415.981.7210
Fax: 415.391.6965
Email: MDAVIS@WALKUPLAWOFFICE.COM

Attorneys for Plaintiffs ANTHONY URENO, JOHN GARDEA, and JEFFREY CHANDLER

# JOINT STIPULATION

Plaintiffs Anthony Ureno ("Ureno"), John Gardea ("Gardea"), and Jeffrey Chandler ("Chandler," and collectively with Ureno and Gardea, "Plaintiffs"), on behalf of themselves and the "PAGA Group," as defined herein, and Defendants MasTec North America, Inc., MasTec Services Company, Inc., MasTec Network Solutions, Inc., and MasTec Power Corp. (collectively, "MasTec" or "Defendants"), (collectively with Plaintiffs, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS, Plaintiffs were previously engaged to perform field technician services for MasTec;

WHEREAS, Plaintiffs caused a Class and Representative Action Complaint for Damages ("Complaint") to be filed in the Superior Court of California, County of Alameda, on June 24, 2020;

WHEREAS, MasTec removed the case to federal court in the United States District Court, Northern District of California, styled *Anthony Ureno, et al. v. MasTec North America, Inc., et al.*, Case No. 3:23-cv-05503-MMC (hereinafter the "Civil Action"), on August 7, 2020;

WHEREAS, the Parties stipulated that Plaintiffs agreed to arbitrate their individual claims, and further agreed to mediate Plaintiffs' individual claims and the claim brought pursuant to the California's Private Attorneys General Act, California Labor Code § 2699, *et seq.* ("PAGA"), and that Plaintiffs further agreed to dismiss their non-PAGA class claims without prejudice on October 15, 2020;

WHEREAS, the "PAGA Group" shall be defined as follows: "All individuals who are or were previously employed by MasTec in California as non-exempt home system installers or similar positions, including field technicians, during the period from June 24, 2019 through Settlement Approval," and which consists of a total of sixteen (16) individuals who are estimated to have a worked a total of 358 pay period from June 24, 2019 through the present;

WHEREAS, Defendants have denied and continue to deny all allegations by Plaintiffs in the Complaint;

WHEREAS, Plaintiffs and MasTec now desire to settle fully and finally all differences between them arising from Plaintiffs' prior provision of field technician services to MasTec, and the allegations made and claims asserted in the Civil Action through the Complaint;

WHEREAS, the Parties engaged in mediation, continued negotiations, and fully executed a confidential Settlement Agreement on or about June 14, 2021;

WHEREAS, the Parties have agreed to the settlement terms set forth in a confidential Settlement Agreement, which is summarized herein;

WHEREAS, the Parties agree that the settlement applies to the entire PAGA Group;

WHEREAS, the settlement was negotiated at arms'-length by experienced counsel well versed in the intricacies of litigation before well-respected mediator Jeffrey Krivis;

WHEREAS, the Parties have taken into account all relevant factors, present and potential;

WHEREAS, the Parties recognize the litigation risks unique to not settling PAGA claims, including the risk that the Court could exercise its discretion under PAGA to not award the full measure of penalties available under the statute given the issues underlying the alleged violations;

WHEREAS, the Parties agree that the PAGA cause of action in the Civil Action is not subject to class certification requirements under either California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, under California Labor Code section 2699(a) *et seq.*, PAGA penalties shall be distributed 75% to the state and 25% to the aggrieved employees;

WHEREAS, pursuant to the Agreement, the Parties have agreed that Ten Thousand Dollars and No Cents ($10,000.00) shall be allocated to the settlement of the

PAGA claim, from which Two Thousand Five Hundred Dollars and No Cents ($2,500.00) shall be allocated to attorneys' fees and costs and the balance of which shall be allocated to the PAGA payments with 25% of any PAGA payment being paid to members of the PAGA Group, and 75% of any PAGA payment being paid to the State of California, subject to the court's approval, and dependent upon the Court's dismissal of this action;

WHEREAS, no later than twenty (20) calendar days after the Court signs the order approving settlement of the PAGA claim, Defendants shall provide Plaintiffs' counsel with a list of PAGA Group members, containing each PAGA Group member's (1) full name; (2) last known address; (3) social security number, and (4) the number of pay periods he or she worked during the "PAGA Period," which is defined as June 24, 2019 through Settlement Approval;

WHEREAS, no later than fifteen (15) business days after receipt of the gross settlement amount from Defendants, Plaintiffs' counsel will mail settlement checks to the PAGA Group and a letter explaining why the check is being sent in a form attached hereto as Exhibit "A";

WHEREAS, payments to the PAGA Group will be calculated pro rata based on the number of pay periods worked in the PAGA Period;

WHEREAS, if an individual settlement payment check issues to any PAGA Group member, not including Plaintiffs, remains uncashed 120 days after issuance, that check shall be voided and Plaintiffs' counsel shall pay the amount presented by the voided check to the California State Controller – Unclaimed Property Division, identifying the PAGA Group member to whom the funds belong.  In such event, the PAGA Group members shall nevertheless remain bound by the settlement;

WHEREAS, the Parties believe that the settlement of Plaintiffs' PAGA claim now for Ten Thousand Dollars and No Cents ($10,000.00) is fair and reasonable, particularly in light of the limited size of the PAGA Group;

WHEREAS, based on their experience litigating this and other representative actions, counsel believes that the settlement here is fair and reasonable and warrants approval by the Court;

WHEREAS, the Plaintiffs have also agreed, in consideration for MasTec's promises and obligations under the Settlement Agreement, to a general and comprehensive release of all of their own respective known and unknown claims against MasTec;

WHEREAS, the claims released by Plaintiffs include all claims, rights, demands, liabilities, causes of action, and theories of liability of every nature and description, whether known or unknown, that were alleged against Defendants;

WHEREAS, Plaintiffs, on behalf of the PAGA Group, shall, upon the date the Court sign the order approving the settlement of the PAGA claim, fully release and forever discharge the claims alleged in the Civil Action arising during the PAGA Period for civil penalties pursuant to PAGA that were alleged against MasTec, or which could have been alleged based on the facts pled against them, arising out of, in connection with, or based on the written notice to the California Labor and Workforce Development Agency ("LWDA") pursuant to PAGA on in the Complaint in the Civil Action;

WHEREAS, each of the Plaintiffs further release all unknown claims against MasTec covered by California Civil Code Section 1542;

WHEREAS, the Parties have further agreed to seek the dismissal of this action with prejudice with respect to Plaintiffs' own claims, and the PAGA claim with respect to the entire PAGA Group, with the Court to retain jurisdiction to enforce the terms of the settlement until performance in full of the terms of the settlement;

WHEREAS, pursuant to California Labor Code section 2699(l)(2), the court shall review and approve any settlement of any civil action filed pursuant to the PAGA;

WHEREAS, pursuant to California Labor Code section 2699(l)(2), the proposed settlement terms are being submitted by Plaintiffs to the LWDA concurrently with the filing of this Joint Stipulation;

WHEREAS, the Parties request that the Court enter the accompanying order approving their Settlement as permitted by California Labor Code section 2699(l)(2), and dismissing this action with prejudice;

WHEREAS, the Parties request that the Court retain jurisdiction with respect to all matters related to effectuating the Parties' Settlement;

NOW, THEREFORE, the Parties hereby jointly stipulate and request:

1. The Court approve the settlement amount apportioned to the Plaintiffs' PAGA claim as permitted by California Labor Code section 2699(l)(2);

2. The Court dismiss this entire action with prejudice, including Plaintiffs' individual claims and the PAGA claim, with the Court to retain jurisdiction to enforce the terms of the settlement until performance in full of the terms of the settlement.

**IT IS SO STIPULATED.**

Dated: June 23, 2021        /s/ Matthew Kumin
                            Matthew Kumin
                            Law Office of Matthew Kumin

                            Attorneys for Plaintiffs ANTHONY URENO, JOHN GARDEA, and JEFFREY CHANDLER

Dated: June 22, 2021        /s/ Christina T. Tellado
                            Christina T. Tellado
                            Holland & Knight LLP

                            Attorneys for Defendants MASTEC NORTH AMERICA, INC.; MASTEC NETWORK SOLUTIONS, INC.; MASTEC POWERCORP.; and MASTEC SERVICES COMPANY, INC.

**ATTESTATION REGARDING E-SIGNATURES**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that I have obtained concurrence in the filing of this document from each signatory whose signature is indicated by a conformed signature (*/s/*) within this e-filed document.

By:  */s/ Christina T. Tellado*

# [PROPOSED] ORDER

**THE COURT HEREBY FINDS**, having read and considered the Joint Stipulation for approval of a Private Attorneys General Act ("PAGA") settlement and as well as the parties' supplement thereto and their Settlement Agreement, the dismissal of this action, **IT IS HEREBY ORDERED THAT:**

Good cause exists to approve the PAGA settlement pursuant California Labor Code section 2699(l)(2) and the settlement is so approved.

This action is now hereby dismissed in its entirety with prejudice, including Plaintiffs' individual claims and the PAGA claim.

This Court retains jurisdiction to enforce the terms of the Settlement Agreement in the above-titled action until performance in full of the terms of the settlement. Plaintiffs are hereby ordered to submit a copy of this Order to the LWDA within ten (10) days after its entry.

**IT IS SO ORDERED.**

Dated: July 13, 2021

_____
THE HONORABLE MAXINE M. CHESNEY
United States District Judge